## ZOOK *v.* SMITH.

LIEN ON LAND OF JUSTICE'S EXECUTION. *How it operates.* The levy of a justice's execution upon land creates a secret lien in favor of the plaintiff in the execution, but it does not operate as notice to the public, or acquire the dignity of *lis pendens*, until the papers in the case are returned to the Circuit Court for condemnation of the land, as required by the statute. Where, therefore, a justice failed to return an execution of this kind at the term of the court next succeeding the levy, but allowed that term to intervene, and then returned it to the next term, and in the meantime the complainant bought the land, and took a deed for the same in good faith, and without notice of the levy: *Held,* that he took the land discharged from the lien of the levy.

Case cited: Anderson *v.* Talbot, 1 Heis., 407.

Code cited: Sec. 3080.

No record found.

SNEED, J., delivered the opinion of the court.

On the 11th of September, 1872, the complainant bought a tract of land lying in Knox county of one Overton, and on the 17th of October thereafter, took

a deed and paid about $600, the price, in cash. Before consummating the trade, however, he caused the records of Knox county to be carefully examined, and full inquiry to be made, to ascertain if there were any liens or incumbrances upon said land. Upon a report by his attorney that there were none, he bargained for the land, paid the money, and took a title deed, which was registered on the day of its execution, the said 17th October, 1872.

The defendant Smith had, on the 9th of November, 1869, recovered a judgment in Campbell county before a justice against said Overton and others for $101.20. The said judgment was certified to Knox county, and on the 13th of June, 1872, execution was issued upon it, and levied upon the land in question as the property of Overton, and the execution and levy were duly returned by the officer to the justice issuing it, to be by him returned to the next term of the Circuit Court of Knox county for condemnation of the land. The next term succeeding the time of the levy and return to the justice began on the second Monday in October thereafter, but the justice failed to return the papers until the February term, 1873, the complainant having in the meantime bought the land, and caused his deed to be registered, without notice of the previous levy. It appears that the plaintiff in the justice's judgment employed an agent to come from Campbell to Knox county to see to it that the execution and levy were duly returned to the Circuit Court for condemnation, and that the agent proposed to the justice to return said papers, but the

justice assured said agent that he would see to it that they were duly returned. The justice did not return them, and assigned as an excuse therefor that the said Circuit Court met at the time appointed by law, but only sat from Monday until Friday, when it .adjourned, and he therefore failed to return them until the February term thereafter. At the February term the order of condemnation was entered. On the 27th of May following, the complainant filed this bill, setting forth the facts, and praying to have the cloud thus thrown upon his title removed, and his superior title asserted and decreed.

The Code, sec. 3080, requires that when an execution issued by a justice is levied on real estate, it shall be the duty of the justice to whom the same is returned, to return the execution, together with the judgment and the papers in the case, to the next Circuit Court of his county for condemnation.

It is conceded that there is no bad faith on either side of this controversy, and that the dilemma has grown out of the negligence of the justice to return the papers. The defendant had undoubtedly acquired a lien upon the land by his levy, but this lien, which, by a compliance with the terms of the statute, might have acquired the dignity of a *lis pendens*, was suffered to remain a secret lien, which is not favored in law. The justice, in such a case, in returning the papers, was doing a ministerial act, in the double character of an officer of the law and the agent of the plaintiff in the judgment. The mere levy of a justice's execution upon real estate, while it creates a

lien in behalf of the plaintiff upon the land, does not of itself, in contemplation of law, advise the public of the lien. It is no notice to any one until it is returned and becomes a record in the Circuit Court, and then it becomes such under the doctrine *lis pendens*, under which a court of equity would protect the lien thus acquired against any purchaser after such return. As between the plaintiff and the execution debtor, it is not perhaps fatal to the lien that the papers are not returned to the next term, but it is better in all cases to follow the statute, and we have held that the lien acquired by the levy may be abandoned by a failure for several terms to return the papers: *Anderson* v. *Talbot*, 1 Heis., 407.

The paper in the hands of the justice, then, as in this case, though a lien, constituted a secret lien, and unless returned to the next term, as required, did not operate as a notice which would protect it against an intermediate innocent purchaser of the land, who had taken a deed and paid out his money for the land in good faith, without notice of the levy. We must hold, therefore, that the complainant has the right to the relief he seeks. The Chancellor so held, and his decree will be affirmed.